UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEENAN C. WILLS,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

Case No. 2:19-cv-12865

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTION [15],
ADOPTING REPORT AND RECOMMENDATION [14],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**

      The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Keenan Wills's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 9-2, PgID 57. After the SSA Appeals Council declined to review the ruling, *id.* at 32, Wills appealed. ECF 1. The Court referred the matter to Magistrate Judge Patricia Morris, and the parties filed cross-motions for summary judgment. ECF 3, 11, 12. The magistrate judge issued a report and recommendation ("Report") and suggested that the Court deny Wills's motion and grant the Commissioner's motion. ECF 14. Wills timely objected to the Report, and the Commissioner replied. ECF 15, 16. After examining the record and considering Wills's objections de novo, the Court concludes that his arguments lack merit. For these reasons, the Court will overrule the

1

objection, adopt the Report's findings, deny Wills's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events leading to Wills's action against the Commissioner. ECF 14, PgID 637–59. And there was no objection to the background portion. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party objects. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" so that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Wills raises three objections to the Report. First, Wills argues that the magistrate judge erred when she determined that he did not meet the requirements to establish a disability due to a spinal disorder. ECF 15, PgID 674–76. Next, Wills objects to the magistrate judge's affirmance of the ALJ's finding that he could perform sedentary work. *Id.* at 676–77. And third, Wills objects to the magistrate judge's finding that the ALJ properly ignored information from "Job Browser Pro" because it was outside the administrative record. *Id.* at 677. The Court will address each objection in turn.

I.  <u>Disability Finding</u>

Wills first argued that the magistrate judge incorrectly recommended affirming the ALJ's decision that Wills is not disabled. ECF 16, PgID 674. Specifically, Wills argued that the magistrate judge's conclusion that he was not

impaired was contradictory to her analysis of Dr. B.L. Nahata's findings. *Id.* at 674–75. Dr. Nahata found that Wills had a "limited range of motion and significant spasm and tenderness in the lumbar spine[,]" reduced strength, "and difficulty walking and decreased balance due to right leg weakness, numbness and pain . . . ." ECF 14, PgID 661–62; ECF 16, PgID 674. Although the magistrate judge considered Dr. Nahata's report, she found that Wills "overstate[d] the elements of" his disability. ECF 14, PgID 662. And the magistrate judge's conclusions are supported by Dr. Nahata's findings that Wills "can occasionally climb stairs, stoop, kneel, and crouch, [] and he can walk for up to 60 minutes." *Id.* at 662–63. (Citing ECF 9-13, PgID 554, 556). Thus, there is evidence to support the magistrate judge's finding that Wills overstated his claims. Based on the record, the Court will therefore affirm the magistrate judge and find that Dr. Nahata's report does not contradict the conclusion that Wills is not disabled.

Wills also disagreed with the magistrate judge's findings that he "does not satisfy[] the requirements for presumptive disability" under 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 1.04C "because the evidence does not show that he needs a hand held assistive device in both upper extremities." ECF 15, PgID 675. But the objection is irrelevant because before the Court may look at ambulation/ability to move, Wills must show "lumbar spinal stenosis . . . established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness . . . ." 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 1.04C. But Wills's objection does not allege that any medical image has ever shown that he has "lumbar spinal

4

stenosis." Rather, he only alleged that he had an MRI that showed "disk herniation." ECF 15, PgID 675. And "[f]or a claimant to show that his impairment matches a [disability] listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Because Wills failed to make the required showing that he has lumbar spinal stenosis established by findings on medically acceptable imaging, the Court must overrule the objection.

II. Sedentary Work

Next, Wills objected to the Report's finding that he can perform sedentary work. ECF 15, PgID 676. Specifically, he argued that the ALJ "failed to consider the requirement for an assistive device for ambulation for use during the periods of occasional standing." *Id*. at 677. But Wills did not specify "a deficiency in the [m]agistriate [j]udge's reasoning," and thus his objection was improper. *Johnson v. Comm'r of Soc. Sec.*, No. 14-11375, 2015 WL 5093321, at *2 (E.D. Mich. Aug. 28, 2015). And when analyzing residual functioning capacity, the ALJ found that the evidence showed that Wills could "stand 30 minutes with a cane and walk one block with a cane." ECF 9-2, PgID 52. In short, the ALJ considered the fact that Wills needed a cane to walk. The Court will therefore overrule Wills's second objection.

III. Information from Job Browser Pro

Finally, Wills objects to the magistrate judge's refusal to consider information from "Job Browser Pro," an informational database about available jobs. ECF 15, PgID 677. But nothing from "Job Browser Pro" was in the record before the ALJ, and the "[C]ourt is confined to review evidence that was available to the [ALJ][.]" *Jones*

5

*v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003); *see also Meyers v. Comm'r of Soc. Sec.*, No. 1:17-cv-706, 2018 WL 4266233, at *2 (W.D. Mich. Aug. 15, 2018), adopted 2018 WL 4252452 (W.D. Mich. Sept. 6, 2018) (declining to use information from Job Browser Pro because it was not before the ALJ). Because the Court cannot refer to sources not before the ALJ, it will overrule Wills's third objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Wills's objections. For these reasons, the Court finds Wills's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Wills's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Wills's objections to the report and recommendation [15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Wills's motion for summary judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [12] is **GRANTED**.

**SO ORDERED**.

                 s/ Stephen J. Murphy, III
                 STEPHEN J. MURPHY, III
                 United States District Judge

Dated: December 22, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2020, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager